Smith, et al. *vs.* the State.

SMITH, et al. *vs.* THE STATE.

1. Where a judgment on a forfeited recognizance, describes the recognizance, so that the particular sum for which each recognizor is bound, and the nature of his undertaking, is shown : and the judgment charges each to the extent of his liability, and no further—there is no error.

2. For the successful prosecution of a proceeding by *scire facias*, on a forfeited recognizance, an attorney may claim a fee of six dollars, to be taxed in the bill of costs.

Error to the Circuit court of Marshall county.

*Scire facias* on recognizance estreated. In this case, judgment *nisi* was rendered on a recognizance, against a principal recognizor, and his sureties; and on *scire facias*, judgment final, was at a subsequent term of the court rendered against the same parties; and *fi. fa.* issued against each of the defendants; in which the costs were taxed.

Smith, et al. *vs.* the State.

To reverse the judgment, a writ of error was taken, and the following assigned:

1. The court below erred in rendering judgment for a tax fee;

2. In giving judgment against the defendants jointly;

3. In giving judgment against the defendants, without shewing the grounds thereof.

*McClung*, for the plaintiffs in error.
*Attorney General*, contra.

COLLIER, C. J.—The questions made by the assignment of errors, are—

1. Is it allowable to embrace the principal recognizor and his sureties in a judgment *nisi*, upon the failure of the former to appear at court, in obedience to the condition of his recognizance?

2. Is a solicitor, or other attorney, prosecuting a *scire facias*, on such judgment *nisi*, to final judgment, entitled to have a fee taxed in the bill of costs?

1. No objection has been pointed out to the rendition of a judgment, against the principal and his sureties in the same entry. If the entry itself describe the recognizance, so that the particular sum for which each recognizor is bound, and the nature of his undertaking be shown; and the judgment charge each to the extent of his liability, and no farther, we cannot conceive that it would be erroneous. But if such objection ever was available, it was entirely removed by the act of eighteen hundred and thirty-three. "An act to simplify *scire facias* in criminal cases, and for other purposes"—(Aik. Dig. sec. 41, p. 121.)

Smith, et al. *vs.* the State.

2. The act of eighteen hundred and nineteen, which prescribes the fees to which solicitors shall be entitled, on every conviction on indictment or presentment, does not embrace the case at bar—(Aik. Dig. sec. 3, p. 46.)   Yet the statute of eighteen hundred and twelve, in regard to fees in general, (Aik. Dig. 189,) directs that an attorney and counsellor at law shall be entitled to a fee of six dollars, for prosecuting or defending a suit in the Superior court.

A proceeding by *scire facias,* upon a forfeited recognizance, is clearly *a suit,* and for its successful prosecution, the attorney may, with propriety, claim, instead of five, a fee of six dollars, to be taxed in the bill of costs.

The judgment must be affirmed.